**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRUCE MARCONI, | : | Civil Action |
|         Plaintiff, | : | |
| | : | |
|    v. | : | |
| | : | |
| ACME MARKETS, INC., 10th and REED | : | |
| ACME MARKET, INC. and | : | |
| SUPERVALU, INC., | : | |
|         Defendants. | : | No. 10-CV- |

### NOTICE FOR REMOVAL

**TO THE HONORABLE JUDGES OF THE SAID**
**DISTRICT COURT OF THE UNITED STATES:**

Petitioners Acme Markets, Inc. (named as "Acme Markets, Inc." and "10th and Reed

Acme Markets, Inc.") and SuperValu, Inc. (referred to collectively as "Petitioners"), Defendants

in the above-captioned matter, hereby file the Notice of Removal of said case from the Court of

Common Pleas of Philadelphia County, Commonwealth of Pennsylvania, in which it is now

pending, to the United States District Court for the Eastern District of Pennsylvania and in

support thereof avers as follows:

1.     On or about June 8, 2010, this action was commenced against Defendants Acme

Markets, Inc. (named as "Acme Markets, Inc." and "10th and Reed Acme Markets,

Inc.")(referred to as "Acme") and SuperValu, Inc. ("SuperValu") by the filing of a Complaint in

the Court of Common Pleas of Philadelphia County, being docketed at June Term 2010, No. 289.

(*See* Complaint attached hereto as Exhibit "A").

2.     Docket entries for the case pending in the Philadelphia County Court of Common

Pleas indicate that service of process upon Acme Markets, Inc. was effected on or about July 1,

2010. (See docket entries attached hereto and marked as Exhibit "B").

    3.      No other proceedings have been had in this action known to Petitioners.

    4.      The above-captioned action is one of which this Court has original jurisdiction pursuant to 28 U.S.C. Section 1332, and is one which may be removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C. Section 1441 in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and is between citizens of different states.

    5.      Plaintiff's Complaint alleges damages in an unstated amount, but said to exceed $50,000. (See Exhibit "A" at "Wherefore" clause).

    6.      Plaintiff's Complaint further alleges that Plaintiff Bruce Marconi suffered injuries including but not necessarily limited to: blunt trauma to his right eye resulting in serious macular thickening of his retina resulting in significant loss of vision; and other injuries, in addition to shock and injury to his nerves and nervous system, the extent of this are not yet fully known and other injuries which are stated to be permanent in nature. (See Exhibit "A", ¶ 9).

    7.      Plaintiff's Complaint alleges that plaintiff has been has been and may in the future be disabled and unable to pursue his usual occupations, activities and pleasures of daily living and has or may have suffered a loss and depreciation of earning power and earning capacity which may be permanent.. (See Exhibit "A", ¶ 11).

    8.      Plaintiff's Complaint alleges that plaintiff has incurred and may hereafter incur other financial expenses for costs for medical care and medical attention related to these alleged injuries. (See Exhibit "A", ¶ 12).

9.    The Plaintiff alleges in the Complaint that he is an individual who resides at 1515 South 9th Street, Philadelphia, PA, 19147   (See Exhibit "A", ¶ 1).

10.    Plaintiff alleges in the Complaint that Defendants Acme Markets, 10th and Reed Acme and SuperValu are Idaho corporations when, in fact, Acme Markets, Inc. (named as "Acme Markets, Inc." and "10th and Reed Acme Markets, Inc.") and SuperValu are Delaware corporations.

11.    The Complaint alleges that Defendant Acme Markets, Inc. (named as "Acme Markets, Inc." and "10th and Reed Acme Markets, Inc.") maintains its principal place of business at 1400 Passyunk Avenue, Philadelphia, PA 19047 when, in fact, Acme Markets, Inc. has maintained its principal place of business in Boise, Idaho.

12.    The Complaint alleges that Defendant SuperValu, Inc. maintains its principal place of business at 1635 Market Street, Philadelphia, PA 19047 when, in fact, SuperValu, Inc. . has maintained its principal place of business at 11840 Valley View Road, Eden Prairie, Minnesota 55344.

13.    Based upon the foregoing, it is respectfully submitted that there is complete diversity of citizenship among the Plaintiff and the Defendants in this action.

14.    This Notice of Removal is being filed within the time period proscribed following receipt by Defendants of a copy of the Complaint and is timely filed under 28 U.S.C. Section 1446.

15.    Written notice of the filing of this Notice of Removal will be served upon the

3

Plaintiff as required by law.

16. A true copy of this Notice of Removal will be filed with the Prothonotary of the Court of the Common Pleas, Philadelphia County, Pennsylvania, as provided by law.

**WHEREFORE**, Defendants Acme Markets, Inc. (named as "Acme Markets, Inc." and "10th and Reed Acme Markets, Inc.") and SuperValu, Inc. request that the above-captioned action now pending against it in the Court of Common Pleas, Philadelphia County, Pennsylvania, be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**GIBLEY AND McWILLIAMS, P.C.**

By:_____
W. Kelly McWilliams, Esquire
Attorney for Petitioners/Defendants
Acme Markets, Inc. (named as
"Acme Markets, Inc." and "10th
and Reed Acme Markets, Inc.")
and SuperValu, Inc.
Attorney I.D. No. 50286
524 N. Providence Road
Media, PA 19063
(610) 627-9500

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRUCE MARCONI, | : | Civil Action |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ACME MARKETS, INC., 10th and REED | : | |
| ACME MARKET, INC. and | : | |
| SUPERVALU, INC., | : | |
| Defendants. | : | No. 10-CV- |

**AFFIDAVIT**

W. Kelly McWilliams, Esquire, being sworn according to law deposes and says that he is

counsel for Petitioners, Acme Markets, Inc. (named as "Acme Markets, Inc." and "10th and Reed

Acme Markets, Inc.") and SuperValu, Inc. in the within matter; and that he has read the

foregoing Notice for Removal and believes it to be true and correct, to the best of his knowledge,

information and belief.

Respectfully submitted,

**GIBLEY AND McWILLIAMS, P.C.**

By:_____

W. Kelly McWilliams, Esquire
Attorney for Petitioners/Defendants
Acme Markets, Inc. (named as
"Acme Markets, Inc." and "10th
and Reed Acme Markets, Inc.")
and SuperValu, Inc
Attorney I.D. No. 50286
524 N. Providence Road
Media, PA 19063
(610) 627-9500

By: W. Kelly McWilliams
kmcwilliams@gibleylaw.com
Identification Nos.: 50286
**GIBLEY AND McWILLIAMS, P.C.**
524 N. Providence Road
Media, PA  19063-0807
Telephone No.: (610) 627-9500

Attorney for Defendants
Acme Markets, Inc. . (named as
"Acme Markets, Inc." and "10th
and Reed Acme Markets, Inc.")  and
SuperValu, Inc.

---

| | |
|---|---|
| BRUCE MARCONI | : |
|                Plaintiff, | : |
|     v. | : |
| | : |
| ACME MARKETS, INC., 10th | : |
| REED ACME MARKET, INC. and | : |
| SUPERVALU, INC., | : |
|                Defendants. | : |

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY


JUNE TERM 2010
No. 289

---

## NOTICE OF REMOVAL

**TO THE PROTHONOTARY OF THE COURT OF**
**COMMON PLEAS OF PHILADELPHIA COUNTY:**

Pursuant to 28 U.S.C. §1446(e), defendants, Acme Markets, Inc.  (named as "Acme Markets, Inc." and "10th and Reed Acme Markets, Inc.")  and SuperValu, Inc., file herewith a certified copy of the Notice of Removal, (without exhibits) which was filed in the United States District Court for the Eastern District of Pennsylvania on August 2, 2010 A copy of the removal packet, with exhibits is being mailed this 2nd day of August, 2010.

**GIBLEY AND McWILLIAMS, P.C.**

By:_____
        W. Kelly McWilliams, Esquire
        Attorney for Defendants
        Acme Markets, Inc.
        and SuperValu, Inc.
        524 N. Providence Road
        Media, PA 19063
        (610) 627-9500

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRUCE MARCONI, | : | Civil Action |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ACME MARKETS, INC., 10th and REED | : | |
| ACME MARKET, INC. and | : | |
| SUPERVALU, INC., | : | |
| Defendants. | : | No. 10-CV- |

## PROOF OF FILING

I, W. Kelly McWilliams, Esquire, hereby certify that a copy of the foregoing Notice for

Removal has been filed with the Prothonotary of the Court of Common Pleas of Philadelphia

County.

**GIBLEY AND McWILLIAMS, P.C.**

By:_____

W. Kelly McWilliams, Esquire
Attorney for Petitioners/Defendants
Acme Markets, Inc. (named as
"Acme Markets, Inc." and "10th
and Reed Acme Markets, Inc.")
and SuperValu, Inc.
Attorney I.D. No. 50286
524 N. Providence Road
Media, PA 19063
(610) 627-9500

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRUCE MARCONI, | : | Civil Action |
|         Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ACME MARKETS, INC., 10th and REED | : | |
| ACME MARKET, INC. and | : | |
| SUPERVALU, INC., | : | |
|         Defendants. | : | No. 10-CV- |

### CERTIFICATE OF SERVICE

I, W. Kelly McWilliams, Esquire, hereby certify that a copy of the attached has been

served on the following individuals by first class, United States mail, postage pre-paid on this 2nd

day of August, 2010:        Prothonotary
Philadelphia County Court of Common Pleas
284 City Hall
Philadelphia, PA 19107

Matthew B. Weisberg, Esquire
**WEISBERG LAW, PC**
7 S. Morton Ave
Morton, PA 19070
(Counsel for plaintiff)

**GIBLEY AND McWILLIAMS, P.C.**

By:_____
W. Kelly McWilliams, Esquire
Attorney for Petitioners/Defendants
Acme Markets, Inc. (named as
"Acme Markets, Inc." and "10th
and Reed Acme Markets, Inc.")
and SuperValu, Inc
Attorney I.D. No. 50286
524 N. Providence Road
Media, PA 19063
(610) 627-9500

**EXHIBIT "A"**

-Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

JUNE 2010 000258

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| BRUCE MARÇONI | ACME MARKETS, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1515 SOUTH 9TH STREET<br>PHILADELPHIA PA 19147 | 1400 PASSYUNK AVENUE<br>PHILADELPHIA PA 19147 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | 10TH AND REED ACME MARKET, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 1400 E. PASSYUNK AVENUE<br>PHILADELPHIA PA 19147 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | SUPERVALU, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 1635 MARKET STREET<br>PHILADELPHIA PA 19103 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 3 | ☒ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdiction |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 2S - PREMISES LIABILITY SLIP/FALL |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED PRO PROTHY<br><br>JUN 08 2010<br><br>S. GARRETT | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: BRUCE MARCONI
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| MATTHEW B. WEISBERG | WEISBERG LAW, PC<br>7 S MORTON AVE<br>MORTON PA 19070 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (610) 690-0801 | (610) 690-0880 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 85570 | mweisberg@weisberglawoffices.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| MATTHEW WEISBERG | Tuesday, June 08, 2010, 11:20 am |

FINAL COPY (Approved by the Prothonotary Clerk)

THIS IS A MAJOR JURY MATTER
ASSESSMENT OF DAMAGES IS REQUESTED

WEISBERG LAW, P.C.
BY: Matthew B. Weisberg
Attorney ID # 85570
7 South Morton Avenue
Morton, PA 19070
(610) 690-0801

Attorneys for Plaintiff



| Bruce Marconi | : | COURT OF COMMON PLEAS |
| 1515 South 9th Street | : | PHILADELPHIA COUNTY |
| Philadelphia, PA 19147 | : | |
| Plaintiff, | : | |
| | : | _____ Term, 2010 |
| v. | : | |
| | : | |
| Acme Markets, Inc. | : | |
| 1400 Passyunk Avenue | : | No.: |
| Philadelphia, PA 19147 | : | |
| | : | |
| And | : | |
| | : | |
| 10th and Reed Acme Market, Inc. | : | |
| 1400 E. Passyunk Avenue | : | |
| Philadelphia, PA 19147 | : | |
| | : | |
| And | : | Jury Trial of Twelve (12) Jurors Demanded |
| | : | |
| SuperValu, Inc. | : | |
| 1635 Market Street | : | |
| Philadelphia, PA 19103 | : | |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT
## 2S - PREMISES LIABILITY

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas ex-puestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades |

the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Philadelphia Bar Association
One Reading Center
11th & Market Streets
Philadelphia, PA 19107
215-238-6333

u otros derechos importantes para usted.

USTED LE DEBE TOMAR ESTE PAPEL A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE A UN ABOGADO, VA A O TELEFONEA LA OFICINA EXPUSO ABAJO. ESTA OFICINA LO PUEDE PROPORCIONAR CON INFORMATION ACERCA DE EMPLEAR A UN ABOGADO. SI USTED NO PUEDE PROPORCIONAR PARA EMPLEAR UN ABOGADO, ESTA OFICINA PUEDE SER CAPAZ DE PROPORCIONARLO CON INFORMACION ACERCA DE LAS AGENCIAS QUE PUEDEN OFRECER LOS SERVICIOS LEGALES A PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO NI NINGUN HONORARIO.

Philadelphia Bar Association
One Reading Center
11th & Market Streets
Philadelphia, PA 19107
215-238-6333

THIS IS A MAJOR JURY MATTER
ASSESSMENT OF DAMAGES IS REQUESTED

WEISBERG LAW, P.C.
BY: Matthew B. Weisberg
Attorney ID # 85570                              Attorneys for Plaintiff
7 South Morton Avenue
Morton, PA 19070
(610) 690-0801

| | | |
|---|---|---|
| Bruce Marconi | : | COURT OF COMMON PLEAS |
| 1515 South 9th Street | : | PHILADELPHIA COUNTY |
| Philadelphia, PA 19147 | : | |
| Plaintiff, | : | |
| | : | _____ Term, 2010 |
| v. | : | |
| | : | |
| Acme Markets, Inc. | : | |
| 1400 Passyunk Avenue | : | No.: |
| Philadelphia, PA 19147 | : | |
| | : | |
| And | : | |
| | : | |
| 10th and Reed Acme Market, Inc. | : | |
| 1400 E. Passyunk Avenue | : | |
| Philadelphia, PA 19147 | : | |
| | : | |
| And | : | Jury Trial of Twelve (12) Jurors Demanded |
| | : | |
| SuperValu, Inc. | : | |
| 1635 Market Street | : | |
| Philadelphia, PA 19103 | : | |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT
### 2S - PREMISES LIABILITY

1.    Plaintiff, Bruce Marconi, is an adult individual residing at the above captioned address.

2.    Defendant, Acme Markets, Inc. is a corporation organized and existing under the laws of

the State of Idaho, with a principal place of business at the above captioned address.

3.    Defendant, 10th and Reed Acme Market, Inc. is a corporation and store, owned by

Defendant, parent, Acme Markets, Inc. and has a principal place of business located at 1400 E.

Passyunk Avenue, Philadelphia, PA 19147.



4.    Defendant, SuperValu, Inc. is a corporation organized and existing under the laws of the

State of Idaho with a principal place of business at the above captioned address.

5.    On or about June 10, 2008, Defendants did own, operate, possess, control and maintain

the property, located at 1400 E. Passyunk Avenue, Philadelphia, Pennsylvania 19147

("Premises"), which is a supermarket.

6.    On or about June 10, 2008, Plaintiff, Bruce Marconi, was lawfully present on the

aforesaid premises and was walking in the canned goods aisle when a stack of boxes that was

filled with canned goods was protruding out of the aisle at eye level into and area where

customers were walking.  Plaintiff turned around in the aisle and struck his right eyeball on the

corner of the box which caused Plaintiff to sustain severe, serious and permanent injury, more

fully set forth at length below.

## COUNT I—NEGLIGENCE

7.    Plaintiff hereby incorporates paragraphs 1-6 as set forth above.

8.    Plaintiff hit his eyeball on the corner of the box due to the negligence, carelessness and

recklessness of Defendants, their agents, servants, workmen and employees, which consisted, but

was not limited to, the following:

        a.    negligently, carelessly and recklessly creating, allowing and permitting a
dangerous condition to exist in the aisle, knowing or having reason to
know that this would cause a dangerous condition for persons likely to
walk there, which condition the said Defendant had or could and should
have had knowledge and notice of in time to have repaired or remedied
same;

        b.    failing to remedy the premises in order to make it safe for anyone walking
through the aisles of the supermarket;

        c.    failing to warn Plaintiff of the dangerous condition of the premises;

        d.    failing to take into consideration that persons may walk in the aisles of the
supermarket while in a defective and dangerous condition and warn those
persons prior to allowing them to become exposed to the dangerous and
defective condition;

     e.     failing to properly inspect and maintain the premises;

     f.     failing to properly staff and adequately supervise others to maintain said premises;

     g.     negligently, carelessly and recklessly causing and maintaining the said dangerous condition on the said premises; and

     h.     other such negligent, careless and/or reckless conduct which may be discovered during litigation.

9.     As a direct result of the aforesaid negligence, carelessness and recklessness of the Defendant, its agents, servants, workmen and employees, Plaintiff, Bruce Marconi, sustained severe, serious and permanent personal injuries including, but not limited to, blunt trauma to his right eye resulting in serious macular thickening of his retina resulting in significant loss of vision; and various other injuries, in addition to shock and injury to his nerves and nervous system, the exact extent of which are not yet fully known, any and all of which may be permanent and an aggravation of a pre-existing condition, and may be revealed through continuing discovery and/or at trial.

10.     As a further result of the aforesaid negligence, carelessness and recklessness of Defendant, its agents, servants, workmen and employees, Plaintiff, Bruce Marconi, suffered great pain and agony, humiliation, embarrassment and emotional distress and may continue to suffer same for an indefinite period of time, perhaps permanently.

11.     As a further result of the aforesaid negligence of Defendants, thier agents, servants, workmen and employees, Plaintiff, Bruce Marconi, has been and may in the future be disabled and unable to pursue his usual occupations, activities and pleasures of daily living and has or may have suffered a loss and depreciation of earning power and earning capacity which may be permanent.

12.    As a further result of the aforesaid occurrence, Plaintiff has incurred and may hereafter

incur other financial expenses including, but not limited to, costs for medical care and medical

attention, which he is entitled to recover.

WHEREFORE, Plaintiff, Bruce Marconi, demands judgment against Defendants, their

agents, servants, workmen and employees, in an amount in excess of Fifty Thousand

($50,000.00) Dollars, together with interest and costs and such other and further relief as this

Honorable Court deems necessary and just.

WEISBERG LAW, P.C.

/s/ Matthew B. Weisberg
MATTHEW B. WEISBERG
Attorney for Plaintiff



## VERIFICATION

The facts contained in the foregoing are true based upon the signer's personal knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. The language of this pleading is that of counsel and not of signer. This verification is made subject to the penalties of 18 PA C.S.A. §4904 relating to unsworn falsification to authorities.

_____
Signature

_Matthew B. Weisberg_____
Print name

_Attorney for Plaintiff_____
TITLE

Date: _6/8/10_

**EXHIBIT "B"**

# Civil Docket Report

## Case Description

| | |
|---|---|
| **Case ID:** | 100600289 |
| **Case Caption:** | MARCONI VS ACME MARKETS, INC. ETAL |
| **Filing Date:** | Tuesday , June 08th, 2010 |
| **Court:** | JE - MAJOR JURY-EXPEDITED |
| **Location:** | CH - City Hall |
| **Jury:** | J - JURY |
| **Case Type:** | 2S - PREMISES LIABILITY, SLIP/FALL |
| **Status:** | CLWCM - WAITING TO LIST CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | ID | Name |
|---|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | A85570 | WEISBERG, MATTHEW B |
| **Address:** WEISBERG LAW, PC<br>7 S MORTON AVE<br>MORTON PA 19070<br><br>(610)690-0801 | | | **Aliases:** *none* | | |
| | | | | | |
| 2 | 1 | | PLAINTIFF | @6622908 | MARCONI, BRUCE |
| **Address:** 1515 SOUTH 9TH STREET<br>PHILADELPHIA PA 19147 | | | **Aliases:** *none* | | |
| | | | | | |
| 3 | | | DEFENDANT | @6622909 | ACME MARKETS, |

|  |  |  |  |  | INC. |
|---|---|---|---|---|---|
| **Address:** | 1400 PASSYUNK AVENUE PHILADELPHIA PA 19147 | | **Aliases:** | *none* | |
|  |  |  |  |  |  |
| 4 |  |  | DEFENDANT | @6622910 | 10TH AND REED ACME MARKET, INC. |
| **Address:** | 1400 E. PASSYUNK AVENUE PHILADELPHIA PA 19147 | | **Aliases:** | *none* | |
|  |  |  |  |  |  |
| 5 |  |  | DEFENDANT | @6622911 | SUPERVALU, INC. |
| **Address:** | 1635 MARKET STREET PHILADELPHIA PA 19103 | | **Aliases:** | *none* | |
|  |  |  |  |  |  |
| 6 |  |  | TEAM LEADER | J359 | TERESHKO, ALLAN L |
| **Address:** | 231 CITY HALL PHILADELPHIA PA 19107 (215)686-7324 | | **Aliases:** | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 08-JUN-2010 11:20 AM | ACTIV - ACTIVE CASE | | | 08-JUN-2010 11:42 AM |
| **Docket Entry:** | E-Filing Number: 1006013069 | | | |
|  |  |  |  |  |
| 08-JUN-2010 11:20 AM | CIVIJ - COMMENCEMENT CIVIL ACTION JURY | WEISBERG, MATTHEW B | | 08-JUN-2010 11:42 AM |
| **Docket** | | | | |

| | Entry: | *none.* | | | |
|---|---|---|---|---|---|
| | | | | | |
| 08-JUN-2010 11:20 AM | CMPLT - COMPLAINT FILED NOTICE GIVEN | WEISBERG, MATTHEW B | | | 08-JUN-2010 11:42 AM |
| | Docket Entry: | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | | |
| | | | | | |
| 08-JUN-2010 11:20 AM | SSCG3 - SHERIFF'S SURCHARGE 3 DEFTS | WEISBERG, MATTHEW B | | | 08-JUN-2010 11:42 AM |
| | Docket Entry: | *none.* | | | |
| | | | | | |
| 08-JUN-2010 11:20 AM | JURYT - JURY TRIAL PERFECTED | WEISBERG, MATTHEW B | | | 08-JUN-2010 11:42 AM |
| | Docket Entry: | 12 JURORS REQUESTED. | | | |
| | | | | | |
| 08-JUN-2010 11:20 AM | CLWCM - WAITING TO LIST CASE MGMT CONF | WEISBERG, MATTHEW B | | | 08-JUN-2010 11:42 AM |
| | Docket Entry: | *none.* | | | |
| | | | | | |
| 08-JUL-2010 02:49 PM | ATSNF - ATTEMPTED SERVICE - NOT FOUND | | | | 08-JUL-2010 02:50 PM |
| | Docket Entry: | SUPERVALU, INC. NOT FOUND ON 06/25/2010. | | | |
| | | | | | |
| 09-JUL-2010 02:29 PM | AFDVT - AFFIDAVIT OF SERVICE FILED | | | | 09-JUL-2010 02:30 PM |
| | Docket Entry: | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON 10TH AND REED ACME MARKET, INC. BY PERSONAL SERVICE ON 07/01/2010 FILED. | | | |
| | | | | | |
| 09-JUL-2010 02:31 PM | AFDVT - AFFIDAVIT OF SERVICE FILED | | | | 09-JUL-2010 02:32 PM |
| | Docket | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON ACME | | | |

**Entry:** | MARKETS, INC. BY PERSONAL SERVICE ON 07/01/2010 FILED.

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Bruce Marconi

## DEFENDANTS

Acme Markets, Inc., 10th and Reed Acme Markets, Inc. and SuperValu, Inc.

**(b)** County of Residence of First Listed Plaintiff    Philadelphia, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Boise, Idaho
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Matthew B. Weisberg, Esquire; 7 South Morton Avenue, Morton, PA 19070; 610-690-0801

Attorneys (If Known)

Kelly McWilliams, Esquire; 524 N. Providence Road, Media, PA 19063; 610-627-9500

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Sections 1332(a) and 1441(a)

Brief description of cause:
Premises Liability Negligence claim.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE      DOCKET NUMBER

DATE
08/02/2010

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Bruce Marconi | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| | : | NO. |
| Acme Markets, Inc., et al | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)                ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.         (x)


| 8-2-10 | | Defendant |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-627-9500 | 610-627-2400 | kmcwilliams@gibleylaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _1515 South 9th Street, Philadelphia, PA 19147_

Address of Defendant: _250 E. Center Boulevard, Boise, ID and Eden Praire, MM_

Place of Accident, Incident or Transaction: _1400 E. Passyunk Avenue, Philadelphia, PA_
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐  No☒

Does this case involve multidistrict litigation possibilities?          Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                        Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                        Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                                                                        Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
                                                                        Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)
A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _W. Kelly McWilliams_ , counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _8-2-10_          _____          _50286_
                        Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _8-2-10_          _____          _50286_
                        Attorney-at-Law              Attorney I.D.#

CIV. 609 (6/08)